NO. COA14-459

 NORTH CAROLINA COURT OF APPEALS

 Filed: 2 December 2014

GLENN R. WILMOTH,

Plaintiff,

 v. Surry County
 No. 11 CVS 533
GILBERT W. HEMRIC and
VAN W. HEMRIC,

Defendants.

 Appeal by defendants from judgment entered 18 December 2013

by Judge A. Robinson Hassell in Surry County Superior Court.

Heard in the Court of Appeals 5 November 2014.

 Willardson & Lipscomb, L.L.P., by William F. Lipscomb, for
 defendants-appellants.

 Jay Vannoy and Franklin D. Smith, for plaintiff-appellee.

 ELMORE, Judge.

 On 21 November 2013, a jury found that plaintiff was

injured as a result of defendants’ negligence. Defendants

appeal from the judgment that resulted from the jury verdict

and, in relevant part, challenge the trial court’s denial of

their motion for a directed verdict. After careful
 -2-
consideration, we reverse the trial court’s denial of that

motion and vacate the judgment.

 I. Facts

 On 9 July 2008, Glenn Wilmoth (plaintiff) observed two cows

wearing numbered purple identification tags in his sister’s

garden between 4:30 p.m. and 5:30 p.m. Plaintiff moved the cows

out of his sister’s garden to a nearby wooded area. Later that

evening, between 8:30 p.m. and 8:45 p.m., plaintiff went back to

his sister’s house. As he was leaving, he saw the same two cows

at the edge of the driveway. Plaintiff went back inside the

house to retrieve his brother-in-law. Plaintiff and his

brother-in-law exited the house only to find one cow standing in

the driveway. Plaintiff walked around the premises for the

purpose of locating the other cow, at which point that cow

charged and struck him, resulting in severe injuries to his back

and legs.

 Plaintiff’s sister transported plaintiff to the hospital,

and he stayed there overnight. Approximately five days after

plaintiff left the hospital, he called Van Hemric (defendant Van

Hemric) after discovering that he might own the cows. Defendant

Van Hemric did not answer the phone so plaintiff left a

voicemail.
 -3-
 On or about 20 July 2008, approximately eleven days after

plaintiff sustained his injuries, a vehicle struck a cow less

than a mile from plaintiff’s home on CC Camp Road. Plaintiff

went to the accident scene and was able to identify the cow,

based on the purple tag, as the same one that injured him.

Plaintiff called defendant Van Hemric a day later and was able

to speak with him on the phone. Plaintiff told defendant Van

Hemric about the vehicle collision and the prior event that led

to his injuries.

 On 25 April 2011, plaintiff filed a complaint alleging, in

relevant part, that defendants failed to act “as . . . ordinary,

reasonable, and prudent person[s] would have done upon learning

the cattle and/or livestock had roamed from the pasture.”

 At trial, and after plaintiff presented all of his

evidence, defendants made a motion for a directed verdict, which

was denied by the trial court. Defendants thereafter presented

evidence, and Larry Chappell testified that defendants employed

him during the summer of 2008 to check cattle. The two

particular cows subject to this action were kept in the Kirk

Pasture. Among his duties, Chappell visited the Kirk pasture

twice a week to check the fences, count the cows, and record

his results in a book (the book). At some point in July 2008 he
 -4-
discovered that two cows were missing, but Chappell could not

recall when in July this had occurred. He testified that he

recorded the exact date in the book but threw it away after he

stopped working in the Kirk Pasture and well before he had

knowledge of plaintiff’s injuries or plaintiff’s complaint.

 A day after noticing that the two cows were missing,

Chappell reported that information to defendant Van Hemrick.

Defendant Van Hemrick testified that Chappell notified him about

the missing cows before 21 July 2008, but he could not recall

the specific day.

 At the close of all the evidence, defendants renewed, and

the trial court once again denied, their motion for a directed

verdict. The jury found that plaintiff was injured as a result

of defendants’ negligence. Pursuant to the jury’s determination

of damages, the trial court ordered that plaintiff recover

$350,000 from defendants with interest at the legal rate of

eight percent per annum. Defendants moved for a judgment

notwithstanding the verdict, which the trial court denied.

 II. Analysis

 Defendants argue that the trial court erred in denying

their motion for a directed verdict because plaintiff failed to
 -5-
present sufficient evidence to establish that defendants’

negligence caused plaintiff’s injuries. We agree.

 “The standard of review of directed verdict is whether the

evidence, taken in the light most favorable to the non-moving

party, is sufficient as a matter of law to be submitted to the

jury.” Davis v. Dennis Lilly Co., 330 N.C. 314, 322, 411 S.E.2d

133, 138 (1991) (citing Kelly v. Int’l Harvester Co., 278 N.C.

153, 179 S.E.2d 396 (1971)).

 In determining the sufficiency of the
 evidence to withstand a motion for a
 directed verdict, all of the evidence which
 supports the non-movant’s claim must be
 taken as true and considered in the light
 most favorable to the non-movant, giving the
 non-movant the benefit of every reasonable
 inference which may legitimately be drawn
 therefrom and resolving contradictions,
 conflicts, and inconsistencies in the non-
 movant’s favor.

Turner v. Duke Univ., 325 N.C. 152, 158, 381 S.E.2d 706, 710

(1989).

 Generally, a negligence recovery requires proof of a legal

obligation, a breach of that obligation, proximate cause, and

actual damages. Little v. Omega Meats I, Inc., 171 N.C. App.

583, 586, 615 S.E.2d 45, 48, aff'd, 360 N.C. 164, 622 S.E.2d 494

(2005). Within the specific context of an animal owner’s

liability for negligence:
 -6-
 The liability of the owner of animals for
 permitting them to escape upon public
 highways, in case they do damage to
 travelers or others lawfully thereon, rests
 upon the question whether the keeper is
 guilty of negligence in permitting them to
 escape. In such case the same rule in regard
 to what is and what is not negligence
 obtains as ordinarily in other situations.
 It is the legal duty of a person having
 charge of animals to exercise ordinary care
 and the foresight of a prudent person in
 keeping them in restraint.

Gardner v. Black, 217 N.C. 573, 576, 9 S.E.2d 10, 11 (1940).

Importantly, a plaintiff must present evidence sufficient to

indicate that defendant’s animals “were at large with his

knowledge and consent, or at his will, or that their escape was

due to any negligence on his part.” Id. at 577, 9 S.E.2d at 12.

 Here, plaintiff did not offer evidence sufficient to show

that the cow escaped due to defendants’ negligence (failure to

maintain an adequate fence, leaving a gate open, counting the

cows too infrequently, etc.). Rather, plaintiff’s theory of

liability at trial was that defendants acted negligently based

upon their failure to sufficiently look for the cows once they

learned or should have learned that the cows had escaped.

 Thus, the dispositive issue is whether plaintiff presented

sufficient evidence for the jury to infer that before the time

of plaintiff’s injury, defendants knew or should have known that
 -7-
the cows were missing. This knowledge was a necessary

prerequisite to establish defendants’ duty to engage in

reasonable measures to locate the cows. See id.

 The evidence taken in the light most favorable to plaintiff

shows the following: Chappell checked the pasture on a Tuesday

and Thursday each week and remembered a time in July 2008 when

he realized that two cows were missing. A day later, Chappell

reported that information to defendants. Defendant Van Hemric

recalled Chappell notifying him about the missing cows before

having a phone conversation with plaintiff on 21 July 2008,

which was twelve days after plaintiff sustained his injuries.

However, neither defendants nor Chappell recalled the exact day

in July that Chappell discovered the cows were missing. Thus,

whether defendants’ alleged negligent conduct (their failure to

properly search for the cows) occurred before or after

plaintiff’s injury is a matter of pure speculation.

 We also note that although plaintiff saw the two cows in

his sister’s garden on 9 July 2008 between 4:30 p.m. and 5:30

p.m., and again at the time of his injury between 8:30 p.m. and

8:45 p.m., such evidence by itself only shows that the cows

escaped, not that defendants knew or should have known that the

cows escaped, especially because Chappell conducted his cow-
 -8-
count on Tuesdays and Thursdays, and 9 July 2008 was on a

Wednesday.

 We therefore hold that no sufficient evidence at trial

showed that defendants had violated a duty of care to search for

the cows at the time of plaintiff’s injury. Plaintiff failed to

establish that defendants knew or should have known that the

cows had escaped before the time of his injury. See Ingold v.

Carolina Power & Light Co., 11 N.C. App. 253, 259, 181 S.E.2d

173, 176 (1971) (“Evidence which does no more than raise a

possibility or conjecture of a fact is not sufficient to

withstand a motion . . . for a directed verdict.”).

Accordingly, the trial court erred by denying defendants’ motion

for a directed verdict.

 III. Conclusion

 In sum, we reverse the trial court’s denial of defendants’

motion for a directed verdict and vacate the trial court’s

judgment.

 Reversed and vacated.

 Judges ERVIN and DAVIS concur.